IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN COSNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUIKTRIP CORPORATION d/b/a QUIKTRIP AND JOHN DOE,<br><br>　　　　Defendants. | Case No. 21-2485-JAR-KGG |

## MEMORANDUM AND ORDER

Defendant QuikTrip Corporation d/b/a QuikTrip removed this negligence action from the District Court of Johnson County, Kansas on October 25, 2021. The Notice of Removal cites 28 U.S.C. § 1332(a) as a basis for jurisdiction—diversity of citizenship between the parties and an amount in controversy that exceeds $75,000—and asserts that John Doe, a non-diverse Defendant, was fraudulently joined to defeat federal jurisdiction. Before the Court is Plaintiff Brian Cosner's Motion to Remand (Doc. 15). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Plaintiff's motion.

**I.    Background**

Plaintiff filed his original petition in Johnson County, Kansas District Court on June 30, 2021, alleging a negligence claim against Defendant arising out of a February 16, 2021 slip-and-fall accident when Plaintiff was an invitee at a QuikTrip gas station in Lenexa, Kansas owned and operated by Defendant. The original petition alleged an amount in controversy in excess of $25,000. According to the Notice of Removal, Defendant propounded discovery on August 4, 2021, which included an interrogatory asking whether Plaintiff sought damages in excess of $75,000. One week later, on August 11, Plaintiff filed an Amended Petition, naming John Doe

as a Defendant, who Plaintiff described as "an employee of Defendant QuikTrip . . . acting in the course and scope of said employment."[1]  Plaintiff alleged that John Doe is a citizen of Kansas.

The Amended Petition includes allegations against "Defendants" without distinguishing between them.  Plaintiff alleges that they "maintained a slipping hazard on its premises inside the store by allowing its floors to remain wet and slippery in a dangerous manner and, therefore, the premises was not reasonably safe."[2]  Plaintiff further alleges that "Defendants failed to exercise ordinary care to make its premises reasonably safe for" Plaintiff in several specific ways.[3]

According to correspondence attached to Defendant's response, a store video was produced to Plaintiff during discovery from the day of Plaintiff's slip-and-fall, which included footage of a store employee mopping the floor around the time of the fall.[4]  On November 24, 2021, in response to Plaintiff's inquiry, Defendant provided Plaintiff with the name of that individual employee and his Kansas address.  Plaintiff's motion to remand was filed the same day.

**II.   Standard**

Federal district courts are required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]  Federal courts are courts of limited jurisdiction, and as such, they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[6]  Remand is generally improper if the defendant appropriately removed a case to federal court that the plaintiff could have originally filed in

---

[1] Doc. 1-1 at 16 ¶ 6.

[2] *Id.* at 17 ¶ 13.

[3] *Id.* ¶ 15.

[4] Doc. 18-2.

[5] 28 U.S.C. § 1447(c).

[6] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

federal court.[7]  Here, Defendant asserts federal jurisdiction based on diversity, which requires a showing of complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000.[8]  The parties do not dispute that the amount in controversy requirement is met.  For purposes of diversity jurisdiction, Plaintiff is a citizen of Kansas and QuikTrip is a citizen of Oklahoma, which is its state of incorporation and principal place of business.[9]  John Doe is a citizen of Kansas.  Because Plaintiff and John Doe are both citizens of Kansas, diversity jurisdiction is lacking on the face of the Amended Petition.

But the Notice of Removal asserts that Plaintiff fraudulently joined John Doe to defeat diversity jurisdiction.  Fraudulent joinder is a difficult-to-establish exception to complete diversity that prevents remand.[10]  The presence of a fraudulently-joined defendant does not defeat complete diversity, as courts do not consider the citizenship of fraudulently-joined parties when evaluating diversity jurisdiction.[11]  Instead, under the fraudulent-joinder doctrine, federal district courts "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[12]  As the party seeking federal jurisdiction, the removing party bears the heavy burden of proving a party was fraudulently joined to defeat jurisdiction by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

---

[7] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[8] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[9] *See Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[10] *See Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019).

[11] *Id.*

[12] *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999)).

establish a cause of action against the non-diverse party in state court."[13]  Defendant argues the second basis for fraudulent joinder applies because John Doe, a QuikTrip employee, cannot be held liable under Kansas law for the acts of nonfeasance alleged in the Amended Petition.

The standard for fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."[14]  Defendants "must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court."[15]  However, the Court need not "take all allegations in the complaint at face value."[16]  Instead, the Court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[17]  The Court must "initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."[18]  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[19]  Ultimately,

> the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.  A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.[20]

---

[13] *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[14] *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. April 14, 2000) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d. 848, 851–53 (3d Cir. 1992)).

[15] *Id.* at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

[16] *Rudzik v. Star Ins. Co.*, No. 14-1421-MLB, 2015 WL 1923892, at *3 (D. Kan. Apr. 28, 2015).

[17] *Id.* (quoting *Dodd v. Fawcett Publc'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

[18] *Montano*, 2000 WL 525592, at *1 (quoting *Hart*, 199 F.3d at 246).

[19] *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

[20] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (citation omitted).

### III. Discussion

#### A. Fraudulent Joinder

The parties appear to agree on the applicable Kansas law.  An agent of a corporation who violates a duty owed to a third person is liable to that person for his torts.[21]  The general rule is that "an agent of a corporation who violates a duty owed to a third person, while acting as an agent, is individually liable, unless the act is one of nonfeasance."[22]  The question in this case is whether the facts as alleged against John Doe are sufficient to be considered misfeasance, rather than nonfeasance, under Kansas law.  The Kansas Supreme Court has provided the following guidance about the meaning of misfeasance:

> Misfeasance is the improper doing of an act.  It is the failure to do something with the degree of care and skill reasonably demanded.  Nonfeasance is the total omission of any act.  Misfeasance can, however, include to some extent not doing something, *i.e.*, not exercising the required degree of care.  Sufficient participation in a tortious act can exist when there is an act or omission by the officer or agent of a corporation which logically leads to the inference that the officer or agent had a share in the wrongful acts of the corporation which constitute the offense.[23]

Here, resolving all disputed questions of fact in favor of Plaintiff, the allegations in the Amended Petition go beyond mere nonfeasance.  Plaintiff alleges that Defendants failed to exercise ordinary care by allowing liquid to remain on the floor, by failing to ensure that the floor was dry, and by failing to maintain and/or inspect the area to ensure it was in safe condition.  He also alleges that they "maintained a slipping hazard on its premises inside the store by allowing its floors to remain wet and slippery in a dangerous manner and, therefore, the

---

[21] *Kerns ex rel. Kerns v. G.A.C., Inc.*, 875 P.2d 949, 958 (Kan. 1994) (citing *McFeeters v. Renollet*, 500 P.2d 47, 49–50 (Kan. 1972)).

[22] *Id.* (citing *Russell v. Am. Rock Crusher Co.*, 317 P.2d 847, 850 (Kan. 1957)).

[23] *Id.*

premises was not reasonably safe."[24] These allegations suggest that an omission caused both Defendants to have a share in the wrongful acts that caused Plaintiff's injuries. Moreover, through discovery Plaintiff has learned that John Doe, who Defendant identified after removal, attempted to mop up the floor before Plaintiff's fall. Plaintiff represents in the reply that he intends to amend the petition to name this employee and conform his pleadings to the evidence gathered during discovery. Such amendment would unquestionably allege misfeasance on the part of John Doe.

The standard that applies to Defendant's fraudulent joinder allegation resolves this motion. Defendant must meet a more exacting standard than that which applies to a motion to dismiss. This Court must find no possibility that Plaintiff could establish a negligence cause of action against John Doe in state court. And the Court may pierce the pleadings in order to make that determination. The Court has considered the applicable Kansas law, Plaintiff's allegations, and the exhibits attached to Defendant's response and finds there is a reasonable basis to believe that Plaintiff might succeed on his claim against John Doe in state court. Thus, Plaintiff's motion to remand must be granted.

**B.     Request for Award of Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has explained:

> Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider

---

[24] Doc. 1-1 at 17 ¶ 13.

6

> whether unusual circumstances warrant a departure from the rule in a given case.[25]

The Court is unable to conclude that Defendant lacked an objectively reasonable basis for seeking removal. Given the short timeframe between Defendant's interrogatory about damages and the Amended Petition, as well as the legitimate question of whether the Amended Petition sufficiently alleges misfeasance under Kansas law, Defendant had an objectively reasonable basis to invoke fraudulent joinder. Moreover, the Court does not find any unusual circumstances that would warrant a departure from the general rule that fees should be denied. Therefore, the Court declines Plaintiff's request to impose fees and costs associated with this motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Brian Cosner's Motion to Remand (Doc. 15) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall remand this action to the Johnson County District Court.

**IT IS SO ORDERED.**

Dated: January 10, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).